Meyer, J.
(concurring). I concur in the result though not in the reasoning of the majority, for I disagree with the conception that had an objection been made on the morning of the 15th based on the absence of a right to confer during the overnight recess, the purpose of the objection would then have been beyond fulfillment. It would certainly have been possible, had objection on that basis been made, for a recess to have been taken to allow whatever time was necessary for conference before continuing cross-examination of defendant and in my view, had that been all that was involved in the Trial Judge’s initial ruling on June 15, it would have been an abuse of discretion, having foreclosed overnight conference, not to recess then and there (Geders v United States, 425 US 80, 87-91).
Review of the record discloses, however, that there was a good deal more involved and establishes that the June 15 objection was generated by an issue other than the absence of an overnight conference between defendant and his attorney. The other issue was presented by the last question addressed to defendant by the prosecutor on the afternoon of June 14. It was whether defendant had stated to someone in a bar that he had killed someone on Christmas Eve. Defendant’s attorney’s motion for mistrial was denied, but a sidebar conference revealed that the basis for the question was a tape-recorded call to the 911 police emergency operator, a transcription of which was proffered to the Judge by the prosecutor. At that point court recessed to permit the Trial Judge to look into the legal issue thus presented.
When trial resumed on the morning of the 15th and before defendant was recalled, a further sidebar conference was held during which the Trial Judge, stating that he had satisfied himself on the law, ruled that there was sufficient information in the transcript to form the basis for the question whether defendant had made the statement which the prosecutor had inquired about the night before, but that the *116 prosecutor would be bound by the answer. It was at that point that defendant’s attorney indicated that he would like the opportunity to speak to his client and, the Trial Judge having responded “Not while he’s testifying”, objected that defendant was being denied the right to consult with counsel.
Defendant was then recalled and cross-examination continued. His further testimony revealed that he had in fact talked to his attorney for a few minutes after the court closed on the 14th, though not about “business” because “the court ordered no conversation regarding my testimony.” After cross-examination on other issues defendant was asked whether during the early morning hours of December 26, 1974 he told a person in Bonnanne’s Bar that he was with the victim and that he lost his mind and killed her. Following defendant’s denial, a further sidebar conference was requested on the question whether privilege proscribed cross-examination of defendant concerning a claimed prior inconsistent statement made by defendant to the psychiatrist who examined defendant for the People as to competency, without revealing in the question to whom the statement had been made. At the end of that conference the prosecutor asked to have the 911 transcript marked for identification, a recess was taken and defendant’s attorney again asked and was denied permission to speak to his client during the recess and again objected to defendant’s “being denied an opportunity to speak to me during the recess.” After recess, during a further sidebar conference, the Trial Judge ruled against the statement to the psychiatrist, differentiating it from the 911 caller in that the statement to the psychiatrist was governed by the privilege statute.
At that juncture, without further request from defendant’s attorney, the Trial Judge brought up the application to permit defendant to confer with his attorney, and noting that he had prevented such a conference “while I was researching my decision, while this questioning was going on”, stated that “Now, I have made my determination here you can talk to him.” Defendant’s attorney’s response was “He has some questions he wanted to ask me.” A conference between defendant and his attorney followed during *117 the recess and cross-examination and redirect examination of defendant was then completed.
Apparent from the foregoing is it that defendant’s attorney never (on the 14th or 15th) interposed an objection addressed to his inability to speak to his client during the overnight recess.* What he did object to on the 15th was defendant’s not being able to confer with his attorney during the recesses on the morning of the 15th. As to those rulings, however, there was no error since it was well within the Trial Judge’s discretion to proscribe conference when a negative answer by defendant would foreclose the prosecution on the issue. This is not to say that defendant’s attorney in the instant case did not, or that defendants’ attorneys generally will not, realize the impropriety of advising defendant how to answer such a question. Rather, it is to say that it is not error for the Trial Judge in such a situation to make the ruling here made preventing conference until questioning on the issue has been concluded.
Thus I concur in reversal because the June 15 rulings were not erroneous and, the 911 caller issue having been raised immediately before adjournment on the 14th, a ruling proscribing conference concerning defendant’s testimony during the overnight recess would not have been error had one been explicitly made. However, no objection concerning overnight recess having been made on either the 14th or the 15th, I agree that that issue was not preserved and that there must, therefore, be a remittal.
Chief Judge Cooke and Judges Jasen, Gabrielli, Wachtler and Fuchsberg concur with Judge Jones; Judge Meyer concurs in result in a separate opinion.
Order reversed and case remitted to the Appellate Division, Second Department, for further proceedings in accordance with the opinion herein.

 We, therefore, could not reach the question whether, if he had, the fact that the Trial Judge’s June 14 ruling was limited to discussion of “your testimony” rather than proscribing talking to the attorney “about anything” (cf. Geders v United States, 425 US 80, 89, n 2) would sufficiently distinguish the instant case from Geders, as the prosecutor argues.